OPINION
{¶ 1} Defendant-appellant Jessie A. Hayes appeals his conviction and sentence for one count of failure to comply with the order or signal of a police officer and causing a substantial risk of serious physical harm to persons or property in violation of R.C. §§ 2921.33(B) and2921.331(C)(5)(a)(ii), a felony of the third degree. *Page 2 
 {¶ 2} On January 11, 2006, Hayes was indicted for one count of failure to comply with the order or signal of a police officer. On January 26, 2006, Hayes pled not guilty to the charge. A jury trial was held on March 27 and 29, 2006. At the close of the trial, Hayes was found guilty as charged. On April 18, 2006, the trial court sentenced Hayes to five years of community control and ordered him to complete the MonDay program. The trial court also suspended Hayes driver's license for three years. Hayes filed a timely notice of appeal on April 25, 2006.
 I {¶ 3} On October 20, 2005, Dayton Police Officers John Beall and Herb Rogers initiated the traffic stop of a brown four-door Chevrolet Caprice after observing the vehicle speeding. The officers noted that the vehicle contained two occupants. Once the Caprice pulled over to the side of the road, Officer Beall exited his cruiser and approached the vehicle on the passenger side. Officer Beall testified that just as he was able to identify the driver as Hayes from past involvement, the vehicle sped away. Officer Beall immediately returned to his cruiser and he and Officer Rogers gave chase.
 {¶ 4} After a brief pursuit, the Caprice crashed into a wooden pole in a vacant lot, and the two occupants exited the vehicle and fled the scene on foot. Officers Beall and Rogers attempted to catch the driver who they believed to be Hayes. Other officers who responded to the crime were able to catch the passenger of the vehicle who was later identified as Clinton Hayes, appellant's younger brother. At one point during the chase, Officer Beall came face to face with Hayes and attempted to subdue him. However, Hayes was able to break free from Officer Beall and escape into the woods surrounding the vacant lot. Authorities were unable to locate Hayes until December 8, 2005, when they arrested him at a friend's residence. *Page 3 
 {¶ 5} At trial, Hayes asserted an alibi defense. Hayes' mother, Wanda Hayes, was the only witness to testify on her son's behalf. Wanda stated that the Caprice was her vehicle, but that the driver of the vehicle could not have been appellant because he was at her residence watching her infant son. Wanda testified that the driver of the vehicle was a childhood friend of hers named Joshua Jones. Wanda further testified that she had hired Jones to work on her car on October 20, 2005. After he finished working on the vehicle, Jones, accompanied by Clinton Hayes, took the car on a test drive. According to Wanda, it was Joshua Jones, not Hayes, who was driving the vehicle when it was stopped by Dayton Police. At trial, Wanda could not identify any means by which to locate Jones. She only testified that Jones lived somewhere on Edison Street in Dayton.
 {¶ 6} As noted above, Hayes was found guilty of one count of failure to comply with the order or signal of a police officer and causing a substantial risk of serious physical harm to persons or property. The trial court sentenced Hayes to five years of community control and ordered him to complete the MonDay program. The trial court also suspended Hayes' driver's license for three years. It is from this judgment that Hayes now appeals.
 II {¶ 7} Hayes' sole assignment of error is as follows:
 {¶ 8} "THE TRIAL COURT ABUSED ITS DISCRETION IN PERMITTING THE PROSECUTOR TO USE EXTRINSIC EVIDENCE TO IMPEACH DEFENDANT'S SOLE WITNESS"
 {¶ 9} In his sole assignment, Hayes contends that the trial court committed reversible error when it allowed the State to call Officer Beall as a rebuttal witness to impeach the *Page 4 
testimony of Wanda Hayes. Hayes argues that the rebuttal testimony provided by Officer Beall did not tend to prove beyond a reasonable doubt that Hayes was guilty of the charged offense pursuant to Evid. R. 613(B). Rather, Hayes asserts that Officer Beall's rebuttal testimony merely impeached Wanda's credibility with prior inconsistent statements concerning collateral matters which is expressly disallowed by Evid. R. 613(B)(2)(a).
 {¶ 10} Evid. R. 613(B)(2)(a) states in pertinent part:
 {¶ 11} "(B) Extrinsic evidence of prior inconsistent statement of witnesses.
 {¶ 12} "Extrinsic evidence of a prior inconsistent statement by a witness is admissible if both of the following apply:
 {¶ 13} "(1) If the statement is offered solely for the purpose of impeaching the witness, the witness is afforded a prior opportunity to explain or deny the statement and the opposite party is afforded an opportunity to interrogate the witness on the statement or the interests of justice otherwise require;
 {¶ 14} "(2) The subject matter of the statement is one of the following:
 {¶ 15} "(a) A fact that is of consequence to the determination of the action other than the credibility of a witness."
 {¶ 16} After a thorough review of the record in this matter, it is clear that defense counsel did not object to the admission of Officer Beall's testimony on the basis of Evid. R. 613(B). Trial counsel merely asserted that the questions posed by the State were leading and cumulative in nature. Thus, Hayes has waived the right to assert this argument on appeal, and we must review his sole assignment under a plain error analysis.
 {¶ 17} Pursuant to Crim. R. 52(B), error that is waived may be noticed as plain error. *Page 5 State v. Hipple (May 21, 1999), Miami App. No. 98CA49. The power to notice plain error is discretionary. State v. Wickline (1990),50 Ohio St.3d 114, 552 N.E.2d 913. Plain error does not exist unless it can be said that but for the error, the outcome of the trial clearly would have been otherwise. State v. Long (1978), 53 Ohio St.2d 91, 372 N.E.2d 804.
 {¶ 18} In the instant case, Hayes contends that Wanda's inconsistent statements concerned collateral matters which did not tend to prove that he committed the charged offense. Officer Beall's rebuttal testimony contradicted Wanda's earlier testimony that she stated that she possessed a phone number to reach Joshua Jones and also that she did not have an opportunity prior to trial to tell the police that the driver of the Caprice was not appellant, but rather Jones.
 {¶ 19} While we agree with Hayes that Wanda's inconsistent statements pertain to collateral matters and do not tend to establish Hayes' guilt, the trial court committed harmless error in the admission of Officer Beall's rebuttal testimony. At trial, the State called five witnesses while the defense only called one witness, the appellant's mother, Wanda Hayes. During his direct testimony, Officer Beall positively identified Hayes as the driver of the vehicle. Officer Beall testified that he recognized Hayes from prior contacts. Four of the State's witnesses testified that the driver of the vehicle was a young black male with a medium complexion who had his hair braided in corn rows and had gold teeth. When Hayes was arrested by officers in December, 2005, he was wearing his hair in corn rows and had gold teeth. Wanda described Joshua Jones as an older black man with a very dark complexion.
 {¶ 20} In light of the overwhelming evidence of Hayes' guilt, we conclude that the trial court did not commit plain error in admitting the rebuttal testimony of Officer Beall in order to *Page 6 
impeach the credibility of Wanda Hayes. We hold that the outcome of the trial would not have been any different absent the admittance of the rebuttal testimony offered by Officer Beall.
 {¶ 21} Hayes' sole assignment of error is overruled.
 III {¶ 22} Hayes' sole assignment of error having been overruled, the judgment of the trial court is affirmed.
 WOLFF, P. J. and BROGAN, J., concur. *Page 1